# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E Blackburn

Civil Action No. 20-cv-00375-REB-SKC

EDUARDO ESTRADA,

    Plaintiff,

v.

MARTIN MARIETTA MATERIALS, INC.,

    Defendant.

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND

**Blackburn, J.**

The matter before me is **Plaintiff's Opposed Motion To Remand** [#11],[1] filed February 14, 2020. I putatively have jurisdiction over this case pursuant to 28 U.S.C. § 1332 (diversity of citizenship). Having considered carefully, the motion, the record, and the apposite law, I deny the motion.

Plaintiff, Eduardo Estrada, and his late wife originally filed this negligence and vicarious liability action defendant Martin Marietta Materials, Inc. ("Martin Marietta"), and its alleged employee, Jacob Eisenberg, in the District Court of Larimer County, Colorado, on June 20, 2019. Because Mr. and Mrs. Estrada were both of advanced age, the case was given a preferential trial date of February 18, 2020, pursuant to §13-1-129, C.R..S.

---

[1] "[#11]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

On January 22, 2020, Martin Marietta acknowledged that Mr. Eisenberg was its employee, that he had been acting within the course and scope of his employment at the time of the underlying car accident, and that he had been negligent in causing the accident. The Estradas therefore moved to dismiss Mr. Eisenberg from the lawsuit, and the state district court granted that motion on February 6, 2020. One week later, Martin Marietta removed the case to this court on the basis of diversity of citizenship.

Mr. Estrada now moves to remand. He claims that since his wife, who was more grievously injured in the accident than he, died in December 2019, his total economic and non-economic damages are insufficient to satisfy the requisite $75,000 amount in controversy. **See** 28 U.S.C. § 1332(a).

The facts establishing federal diversity jurisdiction "must be affirmatively established on the face of either the petition or the removal notice." **See Laughlin v. Kmart Corp.**, 50 F.3d 871, 873 (10th Cir. 1995). Because the original complaint did not recite a specific dollar amount of recovery sought,[2] the burden is on Martin Marietta as the removing party to establish by a preponderance of the evidence that the jurisdictional amount is satisfied. **Martin v. Franklin Capital Corp.**, 251 F.3d 1284, 1290 (10th Cir. 2001).

As Martin Marietta notes, the Civil Case Cover Sheet which Mr. Estrada submitted with the filing of this case certifies that "the value of the party's claims against one of the other parties is reasonably believed to exceed $100,000." (**See Def. Resp.**

---

[2] Mr. Estrada filed an **Amended Complaint** ([#18], filed February 26, 2020) after the case was removed. The Amended Complaint also does not specify the amount of damages sought. **See** C.R.C.P. 8(a), "No dollar amount shall be stated in the prayer or demand for relief."

**App.**, Exh. B at 1.)  Although at one time, that representation was insufficient to meet a removing party's burden to show the amount in controversy, *see Harding v. Sentinel Insurance Co.*, 490 F.Supp.2d 1134, 1135 (D. Colo. 2007), such statements now required must be certified "[i]n compliance with C.R.C.P. 11[.]"  *See* C.R.C.P. 16.1(b)(2) & cmt. 3.  As with its federal counterpart, C.R.C.P. 11 provides that an attorney's signature, *inter alia*, "constitutes a certificate by him . . . that to the best of his knowledge, information, and belief formed after reasonable inquiry, it is well grounded in fact . . ."  C.R.C.P. 11(a).  Therefore, Mr. Estrada's estimation of his own claims was in excess of the minimum amount in controversy.

Yet even before this change, the Tenth Circuit held that a Colorado civil cover sheet constitutes adequate notice of the amount in controversy sought by plaintiff.  *See Paros Properties LLC v. Colo. Casualty Insurance Co.*, 835 F.3d 1264, 1272 (10th Cir. 2016).  The appellate court's suggestion that it saw "no reason not to credit an assertion by an officer of the court on a matter of significant consequence in the state proceeding (whether or not simplified procedures will apply)," applies with even more force now that the certification is manifest.  Likewise, more recent decisions from district courts in Colorado have found the representations of the Civil Cover Sheet sufficient to support removal.  *See Bryant v. State Farm Mutual Automobile Insurance Co.*, 2019 WL 6888279 at *2 (D. Colo. Dec. 18, 2019); *Stazick v. State Farm Mutual Automobile Insurance Co.*, 2019 WL 494376 at *1 (D. Colo. Feb. 8, 2019).

Mr. Estrada, however, insists that after his wife's claims were extinguished with her death, his own claims alone do not reasonable exceed the $75,000 threshold.  The

3

evidence suggests otherwise. Specifically, Mr. Estrada's most recent settlement demand prior to removal but following the death of Mrs. Estrada was for $125,000. (**See Def. Motion App.**, Exh, C.) Such demands also inform the determination whether the amount in controversy is met.³ **See McPhail v. Deere & Co.**, 529 F.3d 947, 956 (10th Cir. 2008) ("[A] plaintiff's proposed settlement amount is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim.") (citation and internal quotation marks omitted). **See also Lacey v. Starbucks Corp.**, 2019 WL 1568106 at *2-3 (D. Colo. April 11, 2019).

Mr. Estrada's post-removal settlement offer of $74,999 (plus interest and costs) does not change the analysis. (**See Def. Motion App.**, Exh. D.) The law is well-settled that the existence of jurisdiction is assessed at the time the case is removed. Subsequent events cannot divest the federal court of jurisdiction once properly invoked. **Freeport-McMoRan, Inc. v. K N. Energy, Inc.**, 498 U.S. 426, 428, 111 S.Ct. 858, 860, 112 L.Ed.2d 951 (1991); **St. Paul Mercury Indemnity Co. v. Red Cab Co.**, 303 U.S. 283, 292, 58 S.Ct. 586, 590-91, 82 L.Ed. 845 (1938); **Lininger v. State Farm Fire and Casualty Co.**, 958 F.Supp. 519, 520 (D. Kan. 1997).⁴

---

³ That Martin Marietta valued Mr. Estrada's claims at $0 is irrelevant. If a defendant's litigation posture regarding the value of a plaintiff's claims were controlling, few diversity cases would be removable.

⁴ Even post-removal amendment of the complaint to reduce the amount of damages claimed below the statutory minimum amount in controversy – a step Mr. Estrada has not taken even after amending his complaint – will not destroy federal jurisdiction if properly invoked at the time of removal. **See, e.g.**, **Grinnell Mutual Reinsurance Co. v. Shierk**, 121 F.3d 1114, 116 (7th Cir. 1997); **Purple Passion, Inc. v. RCN Telecom Services, Inc.**, 406 F.Supp.2d 245, 246-47 (S.D.N.Y. 2005); **Thompson v. Victoria Fire & Casualty Co.**, 32 F.Supp.2d 847, 848 (D.S.C. 1999); **Lininger**, 958 F.Supp. at 520; **McCorkindale v. American Home Assurance Co.**, 909 F.Supp. 646, 650 (N.D. Iowa 1995). **See generally** 14C C. WRIGHT, A. MILLER & E. COOPER, **FEDERAL PRACTICE AND PROCEDURE** § 3725 at 115 (3rd ed. 1998).

Because diversity jurisdiction existed at the time of removal, Martin Marietta's removal was proper.

**THEREFORE, IT IS ORDERED** that **Plaintiff's Opposed Motion To Remand** [#11], filed February 14, 2020, is denied.

Dated March 19, 2020, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge