# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Action No. 20-cv-00375-REB-SKC

EDUARDO ESTRADA, individually and as the successor of ANGELINA ESTRADA,

    Plaintiff,

v.

MARTIN MARIETTA MATERIALS, INC.,

    Defendant.

## ORDER GRANTING PLAINTIFF'S OPPOSED
## MOTION FOR PARTIAL SUMMARY JUDGMENT

**Blackburn, J.**

The matter before is **Plaintiff's Opposed Motion for Partial Summary Judgment** [#29],[1] filed September 22, 2020. I grant the motion.

## I. JURISDICTION

I have jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (diversity of citizenship).

## II. STANDARD OF REVIEW

Summary judgment is proper when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. **FED. R. CIV. P.** 56(a); ***Celotex Corp. v. Catrett***, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A dispute is "genuine" if the issue could be resolved in favor of either party.

---

[1] "[#29]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

*Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Farthing v. City of Shawnee*, 39 F.3d 1131, 1135 (10th Cir. 1994).  A fact is "material" if it might reasonably affect the outcome of the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Farthing*, 39 F.3d at 1134.

    A movant who will bear the burden of proof at trial on an issue must submit evidence to establish every essential element of its claim or affirmative defense.  *See In re Ribozyme Pharmaceuticals, Inc. Securities Litigation*, 209 F.Supp.2d 1106, 1111 (D. Colo. 2002).  Once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper.  *Id.* at 1518.  All the evidence must be viewed in the light most favorable to the party opposing the motion.  *Simms v. Oklahoma ex rel Department of Mental Health and Substance Abuse Services*, 165 F.3d 1321, 1326 (10th Cir.), *cert. denied*, 120 S.Ct. 53 (1999).

## III.  ANALYSIS

    On July 1, 2017, quondam defendant, Jacob Eisenberg, an employee of defendant, Martin Marietta Materials, Inc. ("Martin Marietta"), while traveling northbound on Weld County Road 33, in Weld County, Colorado, failed to stop at an intersection and collided with a car driven by plaintiff, Eduardo Estrada.  Mr. Estrada and his wife, Angelina, who was a passenger in the car, were injured as a result.

    The Estradas filed suit in Larimer County District Court in June 2019, alleging claims of negligence and negligence per se against Mr. Eisenberg and vicarious liability

2

against Martin Marietta. Because both Mr. and Mrs. Estrada were over age 70, they requested a preferential trial date, *see* §13-1-129(2), C.R.S., and the case was set for trial in February 2020.[2]

In preparation for the trial, the parties prepared and the state court entered a Trial Management Order in accordance with Colorado Rule of Civil Procedure 16(f). Therein, under the heading "Defendants' Defenses," the Order provides:

> Defendants acknowledge that Mr. Eisenberg was acting in the course and scope of his employment at the time of the accident at issue. Martin Marietta Materials, Inc. ("MM") further admits that it is vicariously liable for the acts and omissions of its employee Mr. Eisenberg at the time of the accident. Mr. Eisenberg admits that he is at fault for the accident.

(**Motion App.**, Exh. 1 at 2 ¶ I.1.B.) Relatedly, the parties stipulated to the following facts:

> 1. The Defendant Jacob Eisenberg is at fault for the subject motor vehicle collision
>
> 2. The Defendant Jacob Eisenberg was employed by and within the course and scope of his employment [with] Defendant Martin Marietta Materials at the time of the subject motor vehicle collision
>
> 3. Plaintiff Mr. Estrada had $5,619.47 in past medical bills that were caused by the subject collision. These bills were reasonable and necessary to treat his collision related injuries.
>
> 4. Mrs. Estrada had $56,922.46 in past medical bills that were caused by the subject collision. These bills were reasonable and necessary to treat her collision related injuries.

---

[2] Unfortunately, Mrs. Estrada passed away in December 2019.

3

(*Id.*, Exh. 1 at 3 ¶ II.1-4.)  Based on these stipulations, the parties represented that "[t]here are only a few issues remaining for the Court to determine.  First, the jury must decide whether to award damages to Mr. Estrada on his claim for past and future pain and suffering.  Second, the jury must decide whether to award damages to Mr. Estrada on his claim for past and future physical impairment."  (*Id.*, Exh. 1 at 2 ¶ I.1.B.)

      Less than a week prior to the entry of this order, and less than a month prior to the then-extant trial date, Martin Marietta filed a motion for summary judgment, or in the alternative, a motion to stay the case against it, arguing that the Colorado Supreme Court's decision in *Ferrer v. Okbamicael*, 390 P.3d 836 (Colo. 2017), evidenced a "clear policy preventing claims against an employer that has admitted the prerequisites for vicarious liability."  (**Motion for Summary Judgment or Stay of Claims Against Defendant Martin Marietta Materials, Inc.** at 2 [#1-31].)[3]  In an apparent attempt to avoid having to address Martin Marietta's arguments as he was preparing for trial, on January 30, 2020, Mr. Estrada filed a motion to dismiss his claims against Mr. Eisenberg with prejudice.  Noting the stipulations admitted Mr. Eisenberg's fault in the accident, Mr. Estrada stated he moved to dismiss Mr. Eisenberg "with the understanding that Plaintiff can proceed against [Martin Marietta] as the admittedly responsible party for damages caused by their employee Defendant Eisenberg."  (**Plaintiff's Opposed Motion To Dismiss Defendant Jacob Eisenberg with

---

      [3]  This motion was submitted without apparent leave of court well beyond the deadline established in the state court's **Order Re Jury Trial Procedures and Deadlines**.  (*See* [#1-19] ¶ 4 at 2 ("Motions filed under C.R.C.P. 56 must be filed no later than 91 days prior to trial.").)  I therefore question whether the state court would have deigned to consider the motion at all if it had not otherwise dismissed it as moot.  To the extent the court would have been willing to address the substance of the motion, however, I am highly dubious that the creative but tortured arguments raised therein would have been availing.

4

**Prejudice** at 1 [#1-42].)  Martin Marietta stated it had no opposition to the dismissal of the claims against Mr. Eisenberg.  (**Response to Motion To Dismiss All Claims Against Defendant Jacob Eisenberg ¶¶** 1-2 at 1-2 [#1-46].)

Thus, on February 6, 2020, the state court granted Mr. Estrada's motion to dismiss with prejudice the claims against Mr. Eisenberg and denied Martin Marietta's summary judgment motion as moot.  (**Order Pursuant to Plaintiff's Opposed Motion to Dismiss Defendant Jacob Eisenberg With Prejudice** [#1-53]).  However, as the dismissal of Mr. Eisenberg removed the only non-diverse defendant from the suit, Martin Marietta removed the case to this court a week later.

Mr. Estrada now claims the stipulations recited in the state court Trial Management Order constitute binding judicial admissions on the part of Martin Marietta which entitle him to summary judgment as to Martin Marietta's liability for the amount of past medical damages incurred by him and Mrs. Estrada.  I agree, and thus grant his motion.

"Judicial admissions are formal, deliberate declarations which a party or his attorney makes in a judicial proceeding for the purpose of dispensing with proof of formal matters or of facts about which there is no real dispute."  **Asarco, LLC v. Noranda Mining, Inc.**, 844 F.3d 1201, 1212 n.3 (10th Cir. 2017).[4]  Judicial admissions "have the effect of withdrawing a fact from issue and dispensing wholly with the need for

---

[4] Contrary to the parties' tacit assumption, questions of the effect of judicial admissions are procedural and thus governed by federal law in diversity cases.  **See Medcom Holding Co. v. Baxter Travenol Labs., Inc.**, 106 F.3d 1388, 1404 (7th Cir.1997); **American Title Insurance Co. v. Lacelaw Corp.**, 861 F.2d 224, 226 (9th Cir. 1988); **Sears, Roebuck & Co. v. Tyco Fire Products LP**, 833 F.Supp.2d 892, 899 (N.D. Ill. 2011); **Chick-Fil-A, Inc. v. CFT Dev., LLC**, 652 F.Supp.2d 1252, 1260 (M.D. Fla. 2009), **aff'd**, 370 Fed. Appx. 55 (11th Cir. 2010).

proof of the fact." ***Grynberg v. Bar S Services, Inc.***, 527 Fed. Appx. 736, 739 (10th Cir. 2013) (internal quotations and citation omitted).  Moreover, they are binding throughout the entirety of the case in which they are made.  ***Asarco***, 844 F.3d at 1212 n.3; ***Armstrong v. JP Morgan Chase Bank National Association***, 633 Fed. Appx. 909, 912 (10th Cir. 2015).

Much like a final pretrial order in this court, a Trial Management Order is a formal pleading which, once entered, "shall control the subsequent course of the trial" and may be modified only where it is demonstrated "that the modification or divergence could not with reasonable diligence have been anticipated."  **C.R.C.P.** 16(f)(5).  ***See also Miller v. Brannon***, 207 P.3d 923, 927-28 (Colo. App. 2009).  Therein, Martin Marietta stipulated to all the essential elements of negligence on the part of its employee[5] – that Mr. Eisenberg was at fault (i.e., that he caused the accident) and that the Estradas incurred damages as a result.  ***See Casebolt v. Cowan***, 829 P.2d 352, 356 (Colo. 1992).  It stipulated further that Mr. Eisenberg was acting in the course and scope of his employment at the time of the accident, thus admitting its own vicarious liability for damages caused by Mr. Eisenberg's negligence.  ***Raleigh v. Performance Plumbing & Heating***, 130 P.3d 1011, 1019 (Colo. 2006).  Finally, Martin Marietta agreed that the

---

[5] It is indisputable that Mr. Eisenberg owed the Estradas a duty of reasonable care. ***Bedee v. American Medical Response of Colorado***, 361 P.3d 1083, 1090 (Colo. App. 2015) ("In Colorado, for over half a century, our courts have held that drivers have a duty to drive with reasonable care under the circumstances.").

medical expenses incurred by the Estradas were both caused by the accident and reasonable and necessary.  **See Wal-Mart Stores, Inc. v. Crossgrove**, 276 P.3d 562, 566 (Colo. 2012) (citing **Kendall v. Hargrave**, 349 P.2d 993, 994 (Colo.1960)).

Of course, a judicial admission may be withdrawn in appropriate circumstances. **See Smith v. Argent Mortgage Co.**, 331 Fed. Appx. 549, 556 (10th Cir. 2009) (if "the party making an ostensible judicial admission explains the error in a subsequent pleading or by amendment, the trial court must accord the explanation due weight"). Yet Martin Marietta has not even acknowledged Mr. Estrada's arguments or the putative effect of its judicial admissions, much less attempted to show that they should be withdrawn.  Instead, it has countered with a convoluted and thoroughly inapt argument in which it suggests the dismissal with prejudice of Mr. Eisenberg extinguishes its own liability for his actions.  **See Arnold v. Colorado State Hospital**, 910 P.2d 104, 107 (Colo. App.1995).

Aside from the fact that, if this were a winning argument, one might have expected to see it featured in a motion for summary judgment from Martin Marietta, it is inapplicable to the facts of this case.  As the Court of Appeals later explained, "[i]n **Arnold**, the claims against the employee were dismissed because he was found not liable after a trial.  Thus, there was no basis to hold the employer vicariously liable for the acts of the employee." **Colorado Compensation Insurance Authority v. Jones**, 131 P.3d 1074, 1081 (Colo. App. 2005).  By contrast, the plaintiff in **Jones** settled with the employee tortfeasor.  Under those circumstances, the release of the employee did

7

not release the employer.  *See id*.  *See also Meyer v. Stern*, 599 F.Supp. 295, 297-98 (D. Colo. 1984); *Ochoa v. Vered*, 212 P.3d 963, 967-68 (Colo. App. 2009).  Just so here.[6]

Accordingly, I find and conclude that Martin Marietta is bound by the judicial admissions it made in the Trial Management Order entered while this case was still pending before the state court.  Thus, Mr. Estrada is entitled to summary judgment as to the amount of his and Mrs. Estrada's medical expenses to which Martin Marietta previously stipulated, plus prejudgment interest as allowed by Colorado law.  *See Casto v. Arkansas-Louisiana Gas Co.*, 562 F.2d 622, 625 (10th Cir. 1977) ("[I]n diversity actions the federal court looks to state law in order to determine the allowability of interest on a recovery.").  *See also* §13-21-101(1), C.R.S. (statutory rate of prejudgment interest on damages in personal injury actions at rate of nine percent per annum).

## IV.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1.  That **Plaintiff's Opposed Motion for Partial Summary Judgment** [#29], filed September 22, 2020, is granted;

---

[6] Although the plaintiffs in these cases expressly reserved the right to sue the employer as part of the settlement, the Colorado Supreme Court has held expressly that a settlement with the employee which does not include a reservation of the right to sue other tortfeasors does not release the employer from liability on a theory of respondeat superior.  **Dworak v. Olson Construction Co.**, 551 P.2d 198, 200 (1976) (citing **Chandler v. City of Aurora**, 407 P.2d 680 (1965)).  Even if this were not the case, however, I would construe as a reservation of rights Mr. Estrada's representation in his motion to dismiss his claims against Mr. Eisenberg – to which Martin Marietta expressed no objection – that he did so "with the understanding that Plaintiff can proceed against [Martin Marietta] as the admittedly responsible party for damages caused by their employee Defendant Eisenberg."  (**Plaintiff's Opposed Motion To Dismiss Defendant Jacob Eisenberg with Prejudice** at 1 [#1-42].)

2. That at the time judgment enters, judgment shall enter on behalf of plaintiff, Eduardo Estrada, and against defendant, Martin Marietta Materials, Inc., on the claim of negligence of Mr. Estrada insofar as it is premised on the medical expenses incurred by Eduardo Estrada and Angelina Estrada as a result of the accident caused by Martin Marietta's employee, Jacob Eisenberg; and

3. That at the time judgment enters, Mr. Estrada shall be awarded $62,541.93 in damages related to his and Angelina Estrada's past medical expenses, plus prejudgment interest thereon at the rate of nine percent per annum as provided by §13-21-101(1), C.R.S.

Dated June 28, 2021, at Denver, Colorado.

**BY THE COURT:**

/s/ Bob Blackburn
Robert E. Blackburn
United States District Judge